IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Linda Leisure, | : | |
| Plaintiff | : | Civil Action 2:07-cv-817 |
| v. | : | Judge Marbley |
| Franklin County Court of Common Pleas, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

# ORDER

This matter is before the Court on defendants Franklin County Court of Common Pleas, Judges Daniel T. Hogan, John Connor, Guy Reece, and John Bessey, Magistrates Tim Harildstad and Mike Thompson, Franklin County Prosecutor Ron O'Brien and Assistant Prosecuting Attorney Patrick J. Piccininni's September 7, 2007 motion to dismiss plaintiff's complaint and amended complaint for failure to state a claim upon which relief may be granted (doc. 14) and defendant, United States District Judge Michael H. Watson's October 2, 2007 motion to dismiss (doc. 16).

<u>Allegations in the Complaint</u>. Neither plaintiff's complaint nor her amended complaint clearly identifies any causes of action. The complaint alleges that jurisdiction arises under "ARTICLE FOURTEEN (14) OF THE UNITED STATES CONSTITUTION 'ALL PERSONS SHALL BE ENTITLED TO A FAIR AND PUBLIC HEARING BY A COMPETENT, INDEPENDENT AND IMPARTIAL TRIBUNAL ESTABLISHED BY

1

LAW."[1] Plaintiff Leisure also cites the Fifth and Sixth Amendments to the United States Constitution. The complaint names the Franklin County Court of Common Pleas, Judges Daniel T. Hogan, John Connor, Guy Reece, and John Bessey; Magistrates Tim Harildstad and Mike Thompson, as well the Franklin County Court of Common Pleas Court Reporting System, Magistrate System, and Civil Protection System.

In November 2003, Leisure was charged with six criminal charges. Following a jury trial, Leisure was acquitted. While the jury was deliberating, an ex parte civil protection order was issued based on the same charges on which Leisure was ultimately acquitted.

In 2004, Leisure sought an ex parte protection order against attorney James Tyack for allegedly threatening her on a continual basis. Mr. Tyack represented the individuals who had sought the civil protection order based on the criminal charges. Leisure had been represented by Mr. Tyack's father and grandfather in the past, and they were demanding that she pay her attorney fees. Common Pleas Judge Guy Reece failed to issue an temporary protection order and provide her with a hearing as required by law. An unnamed magistrate informed her that she would have to pay $250 for a court reporter, but he allegedly refused to provide a court reporter even after she agreed to pay the fee. After the magistrate left the room, the attorneys allegedly began

---

[1]This quotation is not taken from the United States Constitution. Rather, it appears to be excerpted from Article 14 of the International Covenant on Civil and Political Rights.

threatening her, which was recorded by the security video cameras. The video tape was allegedly destroyed intentionally.

In 2004, Joann Knotts, Delmar Knotts, and Jennifer Erwin obtained a second temporary protection order that was in effect for 18 months. Protection orders against Leisure were in effect far beyond the maximum time permitted by law. The complaint alleges that Leisure was retaliated against for her work as a whistle blower on fraud in death penalty cases in the Court of Common Pleas. The complaint further alleges clerk's office of the Common Peas Court refused to properly complete paperwork concerning plaintiff.

The amended complaint alleges that defendants conspired to violate the Fourth Amendment and added United States District Judge Michael H. Watson, Franklin County Prosecutor Ron O'Brien, and Patrick J. Piccininni as defendants. The amended complaint alleges that defendants have engaged in witness intimidation and criminal extortion in violation of 18 U.S.C. § 1512. The amended complaint asserts that defendants have engaged in "case fixing" in furtherance of the conspiracy to violate Leisure's constitutional rights and silence any critics who attempt to expose the criminal conduct in the court system.

<u>Arguments of the Parties</u>.  Defendants the Franklin County Court of Common Pleas, Judges Daniel T. Hogan, John Connor, Guy Reece, and John Bessey; Magistrates

Tim Harildstad and Mike Thompson ("the Franklin County defendants"),[2] argue that plaintiff's complaint fails because she has not complied with Rule 9(b) of the Federal Rules of Civil Procedure. Defendants argue that a claim of conspiracy must be pled with factual specificity, and mere conclusory allegations that a conspiracy existed will not survive a motion to dismiss. Defendants maintain that here are no facts or inferences supporting plaintiff's that Franklin County defendants conspired against her.

The Franklin County defendants also argue that plaintiff's claims are barred by res judicata. Defendants maintain that Leisure is attempting to re-litigate her claim after losing in the previous case before Judge Holschuh. Plaintiff participated fully in the 2005 case before Judge Holschuh, and as a result she is barred from re-litigating her claims whether mutuality of estoppel is required or not. Defendants argue that a party against whom issue preclusion is asserted must have been a party in the earlier action, but due process does not require that the party asserting issue preclusion was a party in the earlier action. According to defendants, there is no compelling reason for requiring that the party asserting issue preclusion must have been a party to the previous action.

The Franklin County defendants also argue that any alleged conduct of the judges is protected under the doctrine of absolute immunity. Absent a court acting without any jurisdiction, judicial officers are afforded absolute immunity for their conduct. Defendants further argue that Prosecutor Ron O'Brien is entitled to absolute

---

[2]The Franklin County Court of Common Pleas Court Reporting System, Magistrate System, and Civil Protection System do not exist as entities. To the extent that plaintiff is suing individuals whose functions encompass these duties, this Order applies to them as well.

immunity. Leisure does not identify any conduct that gives rise to a cause of action against Prosecutor Ron O'Brien or Assistant Prosecutor Piccininni, or United States District Judge Michael H. Watson. Instead, she simply refers to the new defendants as "bullies."

Defendants further argue that the Franklin County Court of Common Pleas is entitled to immunity under the Eleventh Amendment. Furthermore, even if plaintiff could allege a cause of action against the Franklin County Court of Common Pleas, defendants maintain that such action must failed because the Court is not *sui juris*. In *Malone v. Court of Common Pleas of Cuyahoga County*, 45 Ohio St. 2d 245 (1976), the Ohio Supreme Court held that Ohio courts can neither sue or be sued in their own right.

Defendant United States District Judge Michael H. Watson argues that he is entitled to absolute immunity because Leisure has not made any claim that he acted outside of his official capacity as a judge. Because Judge Watson was acting within the scope of his employment, he is absolutely immune from suit. Judge Watson further argues that Leisure makes no specific allegations against him, and her apparent frustration with the state court system does not give rise to a cause of action against a federal judicial officer.

Motion to Dismiss. When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (U.S. 2007) (citing

5

*Bell v. Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982). Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, *see Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations, *see Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005); *Blackburn v. Fisk Univ.*, 443 F.2d 121, 123-124 (6th Cir. 1971). In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading. *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972). Because the motion under Rule 12(b)(6) is directed solely to the complaint itself, *see Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail, *see McDaniel v. Rhodes*, 512 F. Supp. 117, 120 (S.D. Ohio 1981). A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted. *See Roth Steel Prods.*, 705 F.2d at 155-56.

<u>Discussion</u>. In *Stern v. Mascio*, 262 F.3d 600 (6th Cir. 2002), the Sixth Circuit stated:

> "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Bradley v. Fisher*, 80 U.S (13 Wall.) 335, 351, 20 L.Ed. 646 (1872). This immunity applies to actions brought under 42 U.S.C. § 1983 to recover for alleged deprivation of civil rights. *See Pierson v. Ray*, 386 U.S. 547, 554-55, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). The Supreme Court explained: "If

6

> judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication.... Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability." *Forrester v. White*, 484 U.S. 219, 226-27, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988).

262 F.3d at 606 (footnotes omitted). Plaintiff does not make any allegations that the defendant judges were acting outside of their official capacity. Because the judges were acting within the scope of their employment, they are absolutely immune from suit.

Similarly, Prosecutor O'Brien and Assistant Prosecutor Piccininni have absolute immunity under *Imbler v. Pachtman*, 424 U.S. 409 (1975) for their role in choosing what cases to pursue and the conduct of the pursuance of those cases. Furthermore, the amended complaint does not identify any conduct of O'Brien and Piccininni that gives rise to a cause of action.

Finally, the Franklin Court of Common Pleas is not a proper party because is it's a state court without an independent legal existence capable of being sued:

> [A] court '* * * is not sui juris. "A court is defined to be a place in which justice is judicially administered. It is the exercise of judicial power, by the proper officer or officers, at a time and place appointed by law." *Todd v. United States* (1895), 158 U.S. 278, 284, 15 S.Ct. 889, 891, 39 L.Ed. 982. Absent express statutory authority, a court can neither sue nor be sued in its own right.' *State ex rel. Cleveland Municipal Court v. Cleveland City Council* (1973), 34 Ohio St.2d 120, 121, 296 N.E.2d 544, 546.

*Malone v. Court of Common Pleas of Cuyahoga County*, 45 Ohio St.2d 245, 248 (1976).

<u>Conclusion</u>. For the reasons stated above, defendants Franklin County Court of Common Pleas, Judges Daniel T. Hogan, John Connor, Guy Reece, John Bessey, Magistrates Tim Harildstad, Mike Thompson, Franklin County Prosecutor Ron O'Brien and Assistant Prosecuting Attorney Patrick J. Piccininni's September 7, 2007 motion to dismiss plaintiff's complaint and amended complaint for failure to state a claim upon which relief may be granted (doc. 14) and defendant, United States District Judge Michael H. Watson's October 2, 2007 motion to dismiss (doc. 16) are GRANTED. The Clerk of Court is DIRECTED to enter JUDGMENT for defendants. This action is hereby DISMISSED.

    s/Algenon L. Marbley
Algenon L. Marbley
United States District Judge